## In re Sweeney

W. L. Pace, for accountant.

Earl Langan, contra.

VALENTINE, J., March 2, 1938.—On December 22, 1937, Anthony Krzywicki, George Shane, George Rowland, Peter Godula, and Stanley Krvetikes presented their petition reciting:

"1. That they are residents and qualified electors of the Township of Jenkins, Luzerne County, Pa.

"2. That at the municipal election held on November 2, 1937, William Sweeney was a candidate for the office of tax collector in and for said township.

"3. That on or before the day appointed for filing an account of the expenses incurred in his candidacy for said office the said William Sweeney did certify to the county board of electors that the disbursements and liabilities of his candidacy did not exceed the sum of $50.

"4. That your petitioners believe said account was false, and that the actual amount expended by William Sweeney exceeded that sum, and that certain payments were made in contravention of the Pennsylvania Election Code of June 3, 1937, P. L. 1333"; and praying that an audit be made of the expense account of said Sweeney.

On December 27, 1937, the same signers presented a second petition praying that they be permitted to with-

draw their names from said petition for audit and that the same be dismissed for the following reasons:

"(a) Because said petition was signed by them on Sunday afternoon, December 19, 1937, at the premises and request of Frank Lomsargis, who conducts a restaurant at No. 15 Chestnut street in the Village of Inkerman, Jenkins Township, and as the present tax collector therein was Mr. Sweeney's opponent for said office at said election as a candidate on the Republican ticket.

"(b) Because they signed said petition under a misapprehension and misunderstanding as to the character, subject matter, and purpose of said petition, and without any knowledge of the contents or purport thereof, simply because asked so to do by Mr. Lomsargis.

"(c) Because they have no personal knowledge whatever concerning the correctness of certification of the so-called expense account of Mr. Sweeney or whether any payments were made by him contrary to the Pennsylvania Election Code of June 3, 1937, P. L. 1333, and believe same to be correct.

"(d) Because they own no property in Jenkins Township, Luzerne County, Pa., or elsewhere; furnished no security for costs in connection with the presentation or filing of said petition; are satisfied that there is no merit in said petition, and are convinced that same should be dismissed without delay."

Upon the presentation of said second petition, a rule was granted to show cause why the prayer of petitioners should not be granted. To this petition, Shane, Godula, and Krvetikes filed an answer asserting "that they were fully acquainted with the facts in the petition asking for an audit of the expense account of William Sweeney, and desired an audit of said account, but that they were coerced and intimidated through threat of the loss of their jobs and the jobs of relatives in signing the petition to withdraw or dismiss."

Subsequent to the filing of this answer, a hearing was duly held at which all signers were called and testified. We deem it unnecessary to discuss the conflicting character of the testimony then produced and are satisfied that all the signers to the original petition well knew the purport of the petition, and signed the same with full knowledge of the nature and character of their act. The situation is ruled by the decision of Judge McLean in In re Petition for Rule, 26 Luz. L. R. Rep. 8, wherein he said:

"We conclude that the present attitude of those desiring to withdraw their names has resulted from a change of mind in the matter and not because of any misunderstanding or misrepresentation."

Rule discharged.